IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JIMISON ERIK COLEMAN,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-cv-2602-L** |
| | § | **(Criminal Case No.: 3:14-cr-374-L-4)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On March 2, 2020, United States Magistrate Judge Renée Harris Toliver entered the

Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report")

(Doc. 23), recommending that the court deny Movant Jimison Erik Coleman's ("Movant" or "Mr.

Coleman") Motion Under U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in

Federal Custody ("§ 2255 Motion" or "Motion") (Doc. 1), filed September 25, 2017, and dismiss

with prejudice this action.  For the reasons that follow, the court determines that the findings and

conclusions of the Magistrate Judge are correct and **accepts** them, as supplemented, as those of

the court; and **denies** Mr. Coleman's § 2255 Motion.

## I.      Factual and Procedural Background

On July 23, 2015, Mr. Coleman pleaded guilty pursuant to a Plea Agreement to Conspiracy

to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846,

841(a)(1) and (b)(1)(C).  *United States v. Coleman*, No. 3:14-cr-374-L-4 (N.D. Tex., Feb. 22,

2016) at Doc. 119.[1]  On February 22, 2016, Mr. Coleman was sentenced to 192-months'

imprisonment, which was substantially above the advisory guidelines range of 37-46 months.

---

[1] Documents pertinent to the related action will be referred to by their Criminal Docket Numbers.

Crim. Doc. 197.  The court varied upward from the guidelines based on the stipulation in Mr. Coleman's Factual Résumé that Rian Lashley ("Ms. Lashley") died from the toxic effects of heroin after being injected with heroin that she purchased from Mr. Coleman earlier that day. Crim. Docs. 120 & 198.  Mr. Coleman filed an appeal but subsequently dismissed it on his own motion. Crim. Doc. 231.

On September 25, 2017, Mr. Coleman, through his counsel, filed his § 2255 Motion, alleging ineffective assistance of his trial counsel. Specifically, he asserts that his counsel was ineffective for failing to independently investigate the cause of Ms. Lashley's death, which: (1) caused him to erroneously stipulate that Ms. Lashley died from the toxic effects of heroin; (2) deprived him of the opportunity to move to withdraw from the stipulation; and (3) caused him to be sentenced based on false or unreliable information. Mr. Coleman also requested an evidentiary hearing to address the matters raised in his Motion.

Magistrate Judge Toliver determined that Mr. Coleman's claims for ineffective assistance of counsel are waived pursuant to his knowing and voluntary guilty plea.  She also determined that, even if the claims were not waived, Mr. Coleman's claims fail because he does not demonstrate prejudice under the *Strickland*[2] test. Mr. Coleman filed his Objections (Doc. 26) to the Report on April 20, 2020.

## II.     Discussion

### A.      The Magistrate Judge's Report

Magistrate Judge Toliver determined that Mr. Coleman's claims for ineffective assistance of counsel are waived pursuant to his guilty plea, and, alternatively, that his claims lack merit because he failed to demonstrate prejudice as a result of counsel's allegedly deficient performance.

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

First, Magistrate Judge Toliver notes that Mr. Coleman does not challenge his knowing and voluntary guilty plea, but, instead, he challenges only the stipulation related to Ms. Lashley's death. Based on Mr. Coleman's assertions in his § 2255 Motion, she determined that he attempts to "retain all the advantages of his plea bargain and have a sentencing do-over." Report 5.  She notes, however, that Mr. Coleman's knowing and intelligent plea waived all of his pre-guilty plea claims, including his ineffective assistance of counsel claims.

With respect to Mr. Coleman's assertion that his trial counsel's failure to investigate caused him to stipulate to the medical examiner's cause-of-death finding, Magistrate Judge Toliver determined that, even if believed, this issue is a nonjurisdictional defect that occurred prior to his guilty plea and is therefore waived. Similarly, she determined that his assertion—raised for the first time in his Reply—that parties cannot stipulate in a plea agreement to false factual matters is also a pre-guilty plea nonjurisdictional defect that was waived pursuant to his guilty plea. *Id.* at 6. She specifically made this determination "[n]otwithstanding the exaggerated significance of subsequent opinions" presented by Mr. Coleman that Ms. Lashley's death was not caused by the toxic effects of heroin and despite Mr. Coleman's assertion that those opinions are "incontrovertible." *Id*.

Magistrate Judge Toliver also determined that Mr. Coleman, based on his Reply, abandoned his assertion that his trial counsel's failure to investigate the stipulation deprived him of the opportunity to withdraw it after his guilty plea.  She also notes that despite the novel argument presented by Mr. Coleman on this issue, he provides no authority in support of it.[3]

---

[3] Mr. Coleman initially relied on *United States v, Lopez*, 385 F.3d 245, 250-55 (2d Cir. 2004), in support of his position, but he later acknowledged in his Reply that *Lopez* did not directly address his attempt to withdraw from only part of his plea agreement.  For this reason, Magistrate Judge Toliver determined that he had abandoned his initial claim on this point.

Alternatively, Magistrate Judge Toliver determined that, even if Mr. Coleman's claims for ineffective assistance of counsel are not waived, his claims fail for lack of merit. First, she highlights that Mr. Coleman attempts to attack the credibility of the medical examiner's findings, but that the court found the medical examiner's report credible. She specifically highlights a statement from the court during sentencing in which the court stated that it questioned whether someone who did not examine the body of Ms. Lashley or conduct an autopsy would be in the same position as the person who actually conducted the autopsy.  Crim. Doc. 225 at 196:11-197:6. The court further stated that he knew Dr. Jeffrey Barnard,[4] the chief medical examiner of Dallas County who approved the autopsy report, and, based on his experience with Dr. Barnard, he knew that the medical examiner "would not put his name to something unless he thought th[ere] was a sound basis to it." *Id.*

Additionally, Magistrate Judge Toliver determined that the additional reports of Drs. Cina, Adame, and Wu that Mr. Coleman presents in support of his Motion are merely cumulative of Dr. Jones's report and, similarly, would be "relegated to the review of the SWIFS[5] autopsy report." Report 7. Accordingly, she determined that Mr. Coleman cannot demonstrate that his trial counsel's failure to present the new reports and opinions of Drs. Cina, Adame, and Wu caused his sentence to be increased.  She further determined that, given the great weight that the court "obviously" gave the medical examiner's opinion regarding Ms. Lashley's cause of death, Mr. Coleman also cannot demonstrate that the sentence the court imposed would have been different without his stipulation that she died from the toxic effects of heroin.  In support, she again highlights the court's reference to the last sentence of the factual resume, which states: "Coleman

---

[4] While Dr. Jeffrey Barnard approved the final autopsy report, Dr. Jill Urban conducted the physical autopsy.

[5] "SWIFS" stands for Southwestern Institute of Forensic Sciences.

further admits that death resulted from the use of the controlled substance that was distributed."
*Id.* (quoting Crim. Doc. 225 at 235:21-23). Considering this, Magistrate Judge Toliver notes that
the court determined that there was no question that a life was lost, which is a factor that the court
can consider under Paragraph 4(a)(1) of 3553 Title 18. *Id.* at 7-9 (citing Crim. Doc. 225 at 235:21-
236:22).

For these reasons, Magistrate Judge Toliver determined that Mr. Coleman "wholly fails to
demonstrate prejudice as a result of counsel's allegedly deficient performance," and, thus, she
recommends that the court deny his Motion. *Id.* at 8. As she determined that Mr. Coleman's claims
are waived or, alternatively, lack merit, she also determined that an evidentiary hearing is not
required.

### B.      Movant's Objections

First, Mr. Coleman objects to the portions of the Report in which Magistrate Judge Toliver
determined that his claim, which he refers to as subclaim three of his Motion, that counsel's failure
to investigate caused him to be sentenced based on false or unreliable information is waived.
Specifically, he asserts that this claim is one of sentencing ineffectiveness, which is related to post-
plea conduct, and, thus is not waived by his guilty plea or his plea agreement.

Second, Mr. Coleman contends that Magistrate Judge Toliver, by determining that his
claims alternatively lack merit, erred in finding that his counsel challenged the cause-of-death
stipulation at sentencing, as this finding is inconsistent with the sentencing record.  He also asserts
that she erred on the same basis in holding that the court found the medical examiner's findings to
be more credible.  In support, he cites the lengthy exchange that occurred between the court and
defense counsel concerning whether Dr. Jones's report would be admitted. *See* Movant's Obj. 3-7
(quoting Crim. Doc. 225 at 188-197).

Based on the detailed exchange regarding Dr. Jones's report, Mr. Coleman asserts that a "[f]ull view of the sentencing record demonstrates that Dr. Jones'[s] report was not 'actually presented' by defense counsel as [Magistrate] Judge Tolliver [sic] determined" because it was not offered or received for substantive purposes. Movant's Obj. 6.  Accordingly, he asserts that, despite Magistrate Judge Toliver's determination, the court did not find that the medical examiner's report was more credible than Dr. Jones's because it was not considered for substantive purposes and, thus, no credibility determination could be made for something that the court did not consider. For these reasons, he asserts that the court should reject Magistrate Judge Toliver's finding that "the Court had a sound basis to accept Dr. Urban's findings over those of Dr. Jones." *Id.* at 7.

Third, Mr. Coleman asserts that Magistrate Judge Toliver erred in finding that the reports of Drs. Cina, Adame, and Wu are cumulative of Dr. Jones's report. Specifically, he asserts that these reports cannot be cumulative of Dr. Jones's report because it was never entered as evidence. He further asserts that Magistrate Judge Toliver "erroneously suggests that the Court would not have considered credible—as a categorical matter—expert reports by professionals who did not examine Lashley's body." *Id.* at 8. He again highlights that the court questioned whether someone who did not examine the body would be in the same position as someone who did but asserts that questioning the basis of the doctors' opinions "is not the same as a finding, no matter what, that an expert who did not examine a decedent is incapable of opining on cause of death." Movant's Obj. 8. Instead, Mr. Coleman asserts that a "holistic review of the sentencing record shows that the Court was open to considering contradictory opinions about Lashley's cause of death, but it wanted to ensure such evidence satisfie[d] Rule 702." *Id.* (citing Crim. Doc. 225 at 196:1-9) (internal quotation marks omitted).  Accordingly, he contends that, given the court's willingness to consider properly admitted expert opinions about Ms. Lashley's cause of death, "it cannot be

said—as a categorical matter—that the Court would not have entertained expert opinion about Lashley's cause of death from an expert who did not examine Lashley's body." *Id.* at 9. Thus, Mr. Coleman asserts that Magistrate Judge Toliver's conclusions to the contrary should be rejected.

Fourth, Mr. Coleman asserts that Magistrate Judge Toliver used the wrong prejudice analysis and erred in finding that the court—as a categorical matter—would have imposed the same sentence. He based his position on the following: (1) the court never weighed the medical examiner's opinion against that of another expert's opinion; (2) Magistrate Judge Toliver should have applied a "more abstract evaluation of how the changed circumstance would have affected the unspecified objective factfinder" rather than this court's decision; and (3) "[t]here is no reason to believe that the Court—or even the hypothetical 'unspecified, objective factfinder' would have closed its eyes to the kind of timely, credible expert opinions that [he] has since put forward had such opinions been properly presented by [his] counsel at sentencing." *Id.* at 10. Mr. Coleman further asserts that the different expert reports he presents in support of his Motion "are more than 'sufficient to undermine confidence' in the basis for the original sentence that was imposed." *Id.* (citing *Strickland*, 466 U.S. at 693).

Fifth, Mr. Coleman asserts that, to the extent Magistrate Judge Toliver concluded that he could not challenge the stipulation at sentencing, the court should reject that conclusion. He highlights that other than her finding that he waived his claims, she did not expressly find that he could not have challenged the cause-of-death stipulation at sentencing. Nevertheless, he relies on a Seventh Circuit case, *United States v. Sandles*, 80 F.3d 1145, 1148 (7th Cir. 1996), that recognized that a defendant may challenge a material term of a plea agreement at sentencing. Considering *Sandles*, Mr. Coleman acknowledges that the Government could have withdrawn from the plea agreement had his counsel presented expert opinions on the cause-of-death issue at

sentencing, but he notes that such withdrawal would not have invalidated his guilty plea, as there is a difference between withdrawing from a guilty plea and withdrawing from a plea agreement. Thus, he asserts that he was able to challenge the cause-of-death stipulation at sentencing while retaining his guilty plea.

Sixth, Mr. Coleman contends that Magistrate Judge Toliver erred in recommending that an evidentiary hearing not be granted because the files and records in this action do not "conclusively show" that he is not entitled to Section 2255 relief on his claim of sentencing ineffectiveness. To the contrary, he asserts that the sentencing transcript, along with numerous expert affidavits and other evidence outside the record, supports his claim. Movant's Obj. 12.

In his final objection, Mr. Coleman asserts that Magistrate Judge Toliver erred by not considering whether a certificate of appealability ("COA") should be issued and contends:

> [I]t is debatable among jurists of reason whether [his] counsel was ineffective for failing to properly investigate and present evidence at sentencing which would have showed that Lashley did not die from the toxic effects of heroin. [He] also contends that it is debatable among jurists of reason whether an evidentiary hearing should be granted on [his] claim of sentencing ineffectiveness given the number of factual disputes and other evidence that [his] claim is based upon—almost all of which is from outside the record.

*Id.* at 12-13.

### C.      Court's Analysis

Mr. Coleman does not object to the portions of the Report in which Magistrate Judge Toliver determined that his claims that: (1) counsel's failure to investigate caused him to erroneously stipulate that Ms. Lashley died from the toxic effects of heroin; and (2) counsel's failure to investigate deprived him of the opportunity to move to withdraw from the stipulation are waived pursuant to his guilty plea. The court, therefore, will accept those portions of the Report,

as Mr. Coleman, by failing to object, has abandoned these claims.  He does, however, make seven other objections to the Report.  The court will address each in turn.

With respect to Mr. Coleman's first objection, the court agrees that any claim for sentencing ineffectiveness was not waived by his guilty plea or the entry of his plea agreement. The issue, however, is that Mr. Coleman does not clearly articulate or present the arguments in his Motion as a sentencing ineffectiveness claim.[6] Instead, despite Mr. Coleman's contentions, his substantive argument is that counsel's *failure to investigate* caused him to be sentenced based on false information.  In discussing his position, he asserts that his attorneys were ineffective for failing to challenge the stipulation, but he makes no mention as to whether this failure to challenge relates to pre-guilty plea conduct or post-guilty plea conduct.  The court acknowledges that he cites case law related to a sentencing ineffectiveness claim and mentions that his counsel's failure to "put on evidence" prejudiced him because he was sentenced pursuant to his stipulation that Ms. Lashley died from the toxic effects of heroin.  It is unclear, however, at what stage of the process he is referring to, as he makes no assertion that counsel's conduct at sentencing was deficient. Even if the court accepted Mr. Coleman's liberal construction of his Motion, his sole reference to "failure to put on evidence" is minimal compared to his emphasis on his counsel's failure to investigate, which Magistrate Judge Toliver determined, and Mr. Coleman conceded, was a nonjurisdictional defect that occurred prior to his guilty plea.

The court, therefore, determines that any substantive arguments related to a failure of Mr. Coleman's counsel to investigate or challenge the cause-of-death stipulation were not presented as

---

[6] Moreover, Magistrate Judge Toliver did not review Mr. Coleman's claim as a sentencing ineffectiveness claim, likely for the reasons articulated by court, and, thus, made no determination as to whether it was waived by his guilty plea. Instead, she determined that, despite Mr. Coleman's submission of allegedly "incontrovertible" expert opinions, his claim that parties are not free to stipulate to factual matters which are false, such as the cause-of-death stipulation, only alleged a nonjurisdictional defect that occurred prior to his guilty plea and, thus, was waived. Report 6.

a sentencing ineffectiveness claim.  Instead, Mr. Coleman attempts to repackage his prior claims as a sentencing ineffectiveness claim in hindsight to overcome Magistrate Judge Toliver's finding that his claims are nonjurisdictional defects that occurred prior to his guilty plea and are, therefore, waived.  Had Mr. Coleman intended to assert a sentencing ineffectiveness claim, he should have expressly done so in his Motion.  Thus, Mr. Coleman's objections are nothing more than a roundabout attempt to amend his motion after-the-fact without properly requesting leave to amend.

Even if Mr. Coleman had properly requested leave to amend, the court determines that his attempt to bring a sentencing ineffectiveness claim—raised almost five years after the sentencing hearing—is time-barred.[7]  The court also determines that Mr. Coleman's untimely sentencing ineffective claim fails on the merits, as he does not demonstrate that he was prejudiced by any allegedly deficient performance of counsel for the reasons discussed later in this opinion.

For these reasons, the court determines, in accordance with the Report, that Mr. Coleman's third subclaim that his counsel's failure to investigate caused him to be sentenced based on false or unreliable information is a pre-guilty plea nonjurisdictional defect—not a claim for sentencing ineffectiveness—that has been waived by his guilty plea.  Thus, all of the claims raised in Mr. Coleman's Motion are waived, and, accordingly, the court **overrules** Mr. Coleman's first objection.

Notwithstanding the court's determination that Mr. Coleman's claims are waived, the court will address his objections to Magistrate Judge Toliver's alternative determination that his claims

---

[7] Mr. Coleman voluntarily withdrew his appeal on September 27, 2016, and, thus, his conviction became final on that date.  *See* 28 U.S.C. § 2255 (f)(1) ("A 1-year period of limitation shall apply to a motion under this section.  This limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final.").  Accordingly, any sentencing ineffectiveness claim must have been brought no later than September 27, 2016—over four years ago.  Moreover, any amendment to include a sentencing ineffectiveness claim would not relate back to Mr. Coleman's original pleadings because his sentencing ineffectiveness claim is "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)) (internal quotations omitted).  Thus, any sentencing ineffectiveness claim in Mr. Coleman's objections is time-barred for these reasons.

lack merit because he failed to demonstrate that he suffered prejudice as the result of counsel's allegedly deficient performance.

With respect to Mr. Coleman's **second objection** regarding the court's consideration and credibility determination related to Dr. Jones's report, the court **sustains in part and overrules in part** these objections. First, the court **sustains** Mr. Coleman's objection to the extent he objects to Magistrate Judge Toliver's determination that his defense counsel "actually presented" Dr. Jones's report. While Mr. Coleman's trial counsel discussed the *availability* of Dr. Jones's report, it was admitted for record purposes only and, thus, was not properly before the court for consideration. Moreover, as Mr. Coleman's counsel voluntarily decided to enter Dr. Jones's report for record purposes only, the court cannot reasonably determine that counsel's actions constitute a challenge of the cause-of-death stipulation at sentencing.

The court **overrules** Mr. Coleman's second objection to the extent he objects to Magistrate Judge Toliver's finding that the court found the medical examiner's report *more* credible than that of Dr. Jones. Mr. Coleman asserts that the court did not find the medical examiner's report more credible than Dr. Jones's report because her report was not before the court for substantive purposes. The court agrees, but, in his objections, Mr. Coleman conflates the Magistrate Judge's finding on this issue. Despite Mr. Coleman's objection, Magistrate Judge Toliver did not conclude that the court found the medical examiner's report more credible than that of Dr. Jones. She instead determined that the court had a *sound basis to accept* the findings of the medical examiner over those of Dr. Jones, and, in support, she highlighted the court's statements concerning the opinions of those who do not review the body and its statement regarding the credibility of the medical examiner. The court agrees that it did not make a credibility determination regarding Dr. Jones's

report, as it was not properly before the court.   Nonetheless, Mr. Coleman's objection mischaracterizes Magistrate Judge Toliver's determination and is, therefore, **overruled**.

The court also **overrules** Mr. Coleman's **third objection** to the extent he asserts that Magistrate Judge Toliver erred by determining that the opinions of Drs. Cina, Adame, and Wu are cumulative.   Again, Mr. Coleman exaggerates the Magistrate Judge's findings and conclusions. First, despite his assertion that these reports cannot be cumulative of Dr. Jones's report, he acknowledges that the reports present the same opinions offered by Dr. Jones.   That Dr. Jones's report was a "preliminary report" not admitted for substantive purposes is of no moment, as the underlying opinions are, nonetheless, cumulative.

Second, Magistrate Judge Toliver did not make a finding that the court made a categorical determination that anyone who did not review the body lacked credibility. Instead, she determined that, based on the cumulative nature of the additional reports, the court would have addressed them under the same microscope as the court noted on the record. Even accepting Mr. Coleman's assertions, he fails to demonstrate that his counsel's failure to introduce or obtain these additional reports caused his sentence to be increased.   Moreover, the reports of Drs. Cina, Adame, and Wu were presented for the first time in support of Mr. Coleman's § 2255 Motion and were not available at the time of the sentencing hearing.   Thus, to the extent he contends these reports should have been obtained and introduced prior to sentencing, the court determines that this goes more to his claim regarding a failure to investigate, which was waived by his knowing and voluntary guilty plea—a plea that Mr. Coleman does not challenge.

With respect to Mr. Coleman's **fourth objection** that Magistrate Judge Toliver used the wrong prejudice analysis, the court **overrules** this objection because Mr. Coleman sets forth an overly board interpretation of this prong of the *Strickland* test.   Mr. Coleman cites two out-of-

circuit cases to support his argument that, "[w]hen a defendant asserts sentencing ineffectiveness, resolution of whether there is a reasonable probability the outcome of the proceeding would have been different does not turn on the particular decisionmaker."  Movant's Obj. 10. He asserts that by "speculating about how *this Court* would have imposed the same sentence regardless of the quantum or reliability of expert opinion that Lashley did not die from the toxic effects of heroin—Judge Tolliver [sic] employed the wrong prejudice analysis." *Id.*  Mr. Coleman, however, stretches the application of *Strickland* by applying an incorrect interpretation of the phrase "unspecified, objective factfinder."

Despite Mr. Coleman's assertions, in determining the prejudice prong under *Strickland*, the Supreme Court instructs as follows:

> An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, "nullification," and the like. A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed.  The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision.  It should not depend on the idiosyncrasies of the particular decisionmaker is reasonably, such as unusual propensities toward harshness and leniency.

*Strickland*, 466 U.S. at 695.  These considerations are reviewed in relation to the sentencing court; there is no binding authority or precedent that interjects into the analysis the consideration whether a hypothetical court would have ruled differently in the manner that Mr. Coleman suggests. Thus, his assertion that another court would have considered the untimely expert opinions is of no moment.  Moreover, while Mr. Coleman strongly contends that these reports are credible and are more than sufficient to undermine the confidence in the court's basis for the 192-month sentence, his assertions are merely conclusory and ignore that a similar report—whether preliminary or not—was raised at sentencing and did not undermine the court's confidence in his ruling. Further, it is not uncommon for parties to present conflicting expert opinions; however, as stated on the

record, the signatures of three experienced medical examiners on the autopsy report support the court's determination that the medical examiner's report is credible.  Mere disagreement with the report only makes the likelihood of a different result conceivable, but Mr. Coleman has failed to demonstrate how the consideration of the additional expert reports rise to the level of substantial, which is required to satisfy the prejudice prong of the *Strickland* test.

Moreover, Mr. Coleman makes only a conclusory allegation that his trial counsel failed to "put forth evidence" challenging the stipulation.  He fails, however, to overcome the presumption that, under the circumstances, counsel's decision not to put forth evidence or challenge the stipulation, "might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689.  This is further supported by his counsel's statements on the record that the autopsy report at the time was "certainly clear and convincing that she died from the toxic effects of heroin," and that the late report was presented at the request of Mr. Coleman's mother.  Crim. Doc. 225 at 193:2-8.  Additionally, his trial counsel repeatedly represented to the court during sentencing, and Mr. Coleman acknowledges in his Objections, that he does not wish to withdraw or challenge his guilty plea.  Considering these representations, Mr. Coleman fails to demonstrate beyond his conclusory allegations that his counsel's performance was deficient in the manner contemplated by *Strickland*. Accordingly, Mr. Coleman's fourth objection is **overruled** on this basis as well.

The court **overrules as moot** Mr. Coleman's **fifth objection** because, as Mr. Coleman noted, Magistrate Judge Toliver makes no determination as to whether he could have challenged the cause-of-death stipulation at his sentencing and, thus, the court need not address it. Additionally, the court has already determined that any sentencing ineffectiveness claim is not properly before it.

For the reasons herein discussed, the court agrees with Magistrate Judge Toliver's determination that, even if Mr. Coleman's ineffective assistance of counsel claims were not waived, they lack merit, as he fails to demonstrate that he suffered prejudice by counsel's allegedly deficient performance.  Similarly, and for the same reasons articulated, the court determines that Mr. Coleman's sentencing ineffectiveness claim would fails for the same reasons articulated in this opinion even if timely presented to the court.  Thus, the court will deny Mr. Coleman's § 2255 Motion.

Additionally, the court agrees with Magistrate Judge Toliver's recommendation that Mr. Coleman's request for an evidentiary hearing be denied, as the record in this action conclusively shows that he is not entitled to relief.  Moreover, Mr. Coleman's assertion that the sentencing record supports his claim for sentencing ineffectiveness is moot because he has not properly asserted a sentencing ineffectiveness claim, and any such claim is now time-barred.  Thus, an evidentiary hearing on this issue would be futile.  Accordingly, the court **overrules** Mr. Coleman's **sixth objection** on this issue.

## III.    Conclusion

Having reviewed the pleadings, record, file, and applicable law, and having conducted a de novo review of the portions of the Report to which Objections were made, the court **sustains in part and overrules in part** Mr. Coleman's Objections; **accepts** the Magistrate Judge's findings and conclusions, as supplemented herein, as those of the court; **denies** Mr. Coleman's Motion Under U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1); and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District

Court, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.  The court accepts

and incorporates by reference the above ruling in support of its finding that the Movant has failed

to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims

debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition

states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was

correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[8] [9]

  **It is so ordered** this 30th day of November, 2020.

Sam A. Lindsay
United States District Judge

---

[8] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

  **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

  **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

[9] As the court has denied a COA in this action, it **overrules** Mr. Coleman's seventh objection asserting that the Magistrate Judge erred in failing to make a recommendation on appealability.

**Memorandum Opinion and Order – Page 16**